521 P.2d 159

In the Matter of the ESTATE of Zerena M. SHATTUCK, Deceased.

Daniel E. MOORE, Executor, Appellant,

v.

Ann Shattuck JOHNSON, Appellee.

No. 2 CA–CIV 1533.

Court of Appeals of Arizona, Division 2.

April 18, 1974.

Rehearing Denied May 7, 1974.

Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn and Tom Galbraith, Phoenix, for appellant.

Donald Estes, Tucson, for appellee.

## OPINION

HATHAWAY, Chief Judge.

It is contended on appeal that the trial court committed error in denying the petition of the executor for payment of fees of his attorneys for services rendered in connection with the executor's administration of the estate, and its failure to award executor's fees for his administration, all as prayed for in the second account and report. We previously affirmed an offset against his fees for losses sustained by the estate through his mismanagement. In re Estate of Shattuck, 17 Ariz.App. 103, 495 P.2d 873 (1972), (rev. den. June 20, 1972).

In the instant case, appellant goes into great detail with reference to the services performed by his attorneys and the necessity therefor. In appellant's second account and report of administration, the fees were sought on the basis of extraordinary services performed on behalf of the estate. Appellee objected on the basis that the executor's attorneys did not represent the estate since the executor was and had been suspended as executor and had not sought, or obtained, a court order allowing him to hire attorneys for the estate. The court seems to have denied the attorneys' fees on the basis of that objection. A further factor that was of clear concern to the court was the necessity of hiring the lawyers. The court stated:

"Really what I'm concerned about, Mr. Galbraith, and I'll give you a chance to present evidence on it if you wish, is the necessity of Mr. Moore hiring lawyers to represent him. In other words, it seems Mr. Moore, by his experience and his ability that I have seen in other matters, that he was well capable of representing himself on these matters, and I don't think he needed to hire your firm to go ahead and probably handle it. . . . My impression is that he didn't need one as far as these estate matters were concerned. Whether he needed them on other matters is of no concern here one way or the other."

The court's order settling the account and report of the executor and sustaining the objection to any fees or expenses for the executor's attorneys was met by appellant with a motion to amend the judgment. Nowhere in the motion to amend does it appear that appellant took issue with the fact of his suspended status. This suspension was further brought home in appellee's opposition to the motion to amend judgment.

Appellant has filed in this court a motion for an order to correct omissions of record in connection with the question of his suspension. In that motion appellant states:

"Appellee . . . makes the flat statement re continuance of the Executor's suspension from and after November 5, 1970:

'This suspension was never removed, despite the machinations in the Appellant's Brief.'

Appellee continues to urge this contention on this Court despite the fact that Appellee knows full well that the Lower Court on January 11, 1971, specifically ordered the following:

'The court feeling that a further ruling is necessary in furtherance of the appeal and for clarification of the pre-

vious order entered herein and for the benefit of the parties involved,

IT IS ORDERED . . . the suspension order previously entered herein *is lifted* . . .' (Emphasis supplied)."

A substantial difference appears in the order attached as Exhibit A to the appellant's motion to correct the record and the misleading way in which it has been presented to us in the body of appellant's motion. The pertinent part of the order reflects that the suspension was lifted for specific purposes only. It provides:

"IT IS ORDERED that Mr. Moore as executor sign the income tax returns for 1969 and 1970, which shall be prepared by Mr. Robert Bates; that thereafter Mr. Moore as Executor will pay the tax returns and the charges of Mr. Bates as Master and for the charges in connection with the preparation of the returns and shall then make a supplemental accounting and distribute the estate; that for these purposes the suspension order previously entered herein is lifted. . . ."

This court is appalled at counsel for the appellant's brazen effort apparently to mislead the court. Such practices are deplorable and raise a serious ethical question. Code of Professional Responsibility, Disciplinary Rule 7–102(A)(5).

In connection with the question of the appellant's suspension, we have taken judicial notice of the abstract of record filed with this court in the previously mentioned appeal that we have considered, (2 CA–CIV 965). In Volume One of the Abstract at page 138, we find that the court ordered on October 2, 1969, that:

"The executor is to perform no more functions in connection with this estate until further order of court."

In Volume Two of the Abstract of Record at page 143, the following minute entry, dated October 24, 1969, appears:

"Further, that the orders entered herein suspending all actions of Mr. Moore as

executor are in full force and effect until terminated by the Court."

On June 24, 1970, the court ordered:

"All orders entered herein suspending all actions of the executor are in full force and effect until terminated by the court." Abstract of Record, Vol. 2, pages 149–150.

Under the circumstances (see In re Estate of Shattuck, supra), the court clearly had the power under former A.R.S. § 14–494 (Repealed Laws 1973, Chap. 75 § 3) to suspend the powers of the executor. Since his powers were suspended, the executor was proceeding at his own risk in hiring attorneys without prior court approval. See In re Merrill's Estate, 81 Cal.App.2d 102, 183 P.2d 300 (1947). Accordingly, we find no abuse of discretion in the court's denial of attorney's fees.

Affirmed.

KRUCKER and HOWARD, JJ., concur.